## CUMLEY v ECKSTEIN

Ohio Appeals, 1st Dist, Hamilton Co
No 3523. Decided Dec. 9, 1929

Henry E. Beebe and Henry B. Street, both of Cincinnati, for Cumley.

Charles H. Elston, Cincinnati, for Eckstein.

HAMILTON, J.

The bill of exceptions discloses ample evidence to support the verdict if the jury believed the testimony of the plaintiff.

The argument on the claimed error, predicated on the refusal of the court to grant the motion for a directed verdict, is based on the proposition that the plaintiff's own evidence raised a presumption of negligence, which presumption she failed to remove. To show this complaint is not tenable, it is sufficient to quote from the record evidence given by the plaintiff:

"Q. Just tell what you did?

A. I alighted from the street car and I glanced either way, and I saw no machine near me at the time of my injury, and there was no safety zone there at the time of my injury, and I walked across and got almost clear across the street and was ready to go on the curb when this fellow come along at a terrific speed, and the first thing I knew his machine was next to the tracks and his right wheel hit me and the bumper struck me in the knee injuring my knee and I just crumpled down into the street right in the curb, x x x"

While it is true two of the witnesses for plaintiff testified that plaintiff got off the car and went directly to the curb without looking, this would not raise a presumption of law that she was guilty of contributory negligence, in the light of her own testimon above quoted. The court did submit the question to the jury as to whether or not plaintiff's own evidence raised an inference of negligence, and charged that if it did and she failed to remove that inference by evidence sufficient to counterbalance the presumption, plaintiff could not recover. No error intervened on this question.

Complaint is made that the court in its charge committed error in stating the burden of proof on the question of contributory negligence. The part of the charge complained of is as follows:

"The burden of proof is upon the defendant to prove that plaintiff was guilty of contributory negligence and that such negligence on the part of the plaintiff was the direct and proximate cause of the injuries, by a preponderance of the evidence."

The case of **Tudor Boiler Company vs. Teeken, 29 Ohio Law Rep. 39 (April 8, 1929)**, is cited as an authority for this claim of error. The decision in the Tudor Boiler Company case is not in point. In that case the court charged on the proposition as follows:

"Upon this claim of contributory negligence as it is called, the burden of proof is upon the defendant who asserts it. The defendant may not prevail upon this de-

fense of contributory negligence unless it proves the same by a preponderance of the evidence."

The vice in the charge in the Tudor Boiler case is, that it required the defendant to prove contributory negligence by a preponderance of the evidence, eliminating the benefit of evidence produced by the plaintiff. In the Tudor Boiler Company case there was no charge on the question of presumptions or inferences raised by the plaintiff's evidence. In the case under consideration, the court charged the jury as follows:

"You must also determine whether or not the plaintiff's own evidence has raised an inference of negligence on her part. If you should find that plaintiff's own evidence has raised an inference that she was guilty of contributory negligence, negligence contributing directly to cause the injuries complained of then the plaintiff must remove such inference by evidence introduced in the case to equally balance or offset such inference, and if she has failed to do so your verdict should be for the defendant.

"On the issue of contributory negligence in this case, if you should find from the evidence that the defendant was negligent in either all or any of the respects claimed by the plaintiff, but that the plaintiff was also negligent and that her negligence directly contributed, in the slightest degree to cause the injuries complained of, then your verdict should be for the defendant.

"Contributory negligence is negligence of the defendant, which combined with negligence of the plaintiff and concurring with it results in the injuries suffered by reason of the negligence of both of the parties, and to which the negligence of each proximately contributed.

"You will notice that contributory negligence presupposes or implies some negligence on the part of the defendant. Therefore if you should find that defendant was, in some or all of the respects set forth in plaintiff's petition, negligent in causing the plaintiff's injuries, and should also find that the plaintiff failed to use ordinary care, under all of the surrounding circumstances, and further, that such want of ordinary care by plaintiff directly and proximately contributed to the injuries, the plaintiff cannot recover.

"The burden of proof is upon the defendant to prove that plaintiff was guilty of contributory negligence, and that such negligence on the part of the plaintiff was the direct and proximate cause of the injuries, by the preponderance of the evidence.

"If you should find upon any of the issues that the evidence is exactly and evenly balanced, then that side upon whom the burden rests has failed to sustain such burden as to such issue and your verdict must be against the party who has failed to sustain such burden.

"By preponderance of the evidence we mean the greater weight of the evidence; x x x"

While the court might have said in its

charge, specifically, that the defendant was entitled to all the evidence, that introduced by the defendant as well as that introduced by the plaintiff, the charge taken as a whole covered the question.

We find no error in the record, prejudicial to the plaintiff in error. The judgment is affirmed.

Cushing, PJ., and Ross, J., concur.